CARAWAY, J.,
concurring part and dissenting in part.
|,I concur with the majority’s affirmance of the award of workers’ compensation benefits, but respectfully dissent regarding the award of penalties and attorney’s fees.
In April 2011, when the employee had been released for light duty work, the employer responded with an offer for a modified position. This was at a time in the employee’s medical treatment before Dr. McHugh’s medical findings. The employer’s willingness to attempt to accommodate the employee and provide 12-week training was rejected out of hand by the employee without any communication with her employer. The workers’ compensation judge and the majority now speculate that no position was really available and supposedly that no wages would have ever really been paid, excusing the fact that the employee did not even attempt to respond in good faith to the employer’s effort. This then was not a case of employer failure to accommodate and aid in rehabilitation efforts where penalties should be triggered. The employer’s good faith offer for an accommodating position was met with this suit, and the fact that the employee’s physical condition may have deteriorated months thereafter does not mean that in the spring of 2011 the employer could not “reasonably controvert” the employee’s curt response. The penalty test has not been met in my opinion for the court to impose punitive measures.